[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, then Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 "is appointed . . . for the purpose of hearing and determining the claims filed with the receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them upon oath;"
In accordance with the above, a hearing was held on the above referenced claim on November 10, 1993. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
Claimants seek the return of funds from three accounts established at Heritage. At the hearing, Dr. Edward Iannuccilli appeared without benefit of counsel and was unable to present any evidence regarding, or in fact to offer an opinion as to the balances in the Claimed Accounts.
On April 25, 1994 the Receiver informed the Court that Heritage did not dispute the existence of three of the Claimed Accounts but requested that the Depositors Economic Protection Corporation ("DEPCO") be allowed to hold any sums awarded as a set-off against sums owed by JEJ Realty to DEPCO or, the alternative, order that these funds be held in the Court Registry.
The sums which appear on the computer records of Heritage as November 18, 1990 were provided to the Court, by the Receiver, at the hearing. The first account is Account No. 02-006569-8, originally opened in the name of Bayside Medical Center Company and later changed to JEJ Realty, which had a balance of $3,555.92. The second account is Account No. 02-005995-6, in the name of JEJ Realty with a balance of $534.12. The third account is Account No. 02-006276-0 likewise in the name of JEJ Realty, with a balance of $370.16. The fourth and final account is Account No. 02-01-0000065904, in the name of Network Management Real Estate Company ("Network"), with a balance of $10,100.81.
In respect to the first three accounts, the Receiver does not dispute the ownership by JEJ Realty nor the amounts testified to at the hearing. However, regarding the fourth above named account Receiver does in fact take issue. Receiver argues that the claim that Network's holding of Claimants' funds in escrow is not the same as establishing the validity of a deposit account at Heritage. In fact, Dr. Iannuccilli testified that Claimants had no ownership interest in the Network account but rather they were owed money that was being held by Network. The Court will accept Claimants' testimony that they have no ownership interest in this account and therefore this decision does not apply as to the Network account.
As to the other three accounts, the Court finds that they are valid deposit accounts established by Claimants at Heritage and they are therefore entitled to the above listed balances as of November 18, 1990. These funds, however, are hereby ordered to be placed in the Registry of this Court pending the outcome of litigation involving Atrium Financial Services, a corporation of which Claimants are guarantors of a promissory note now held by DEPCO.
Counsel will prepare an order in accordance with this decision.